■ VINCENZA J. RUBINO, Respondent, v. NICHOLAS F. RUBINO, Appellant. — In an action for a separation, the appeals are (1) from a judgment granting respondent a separation, directing appellant to pay respondent $50 a week for her support and maintenance, and directing that respondent have judgment for $3,120 for arrears of temporary alimony under an order therefor entered November 22, 1954, and (2) from said order. Order reversed, without costs, and motion for temporary alimony denied. Judgment modified upon the law and the facts by striking therefrom the second decretal paragraph and by striking from the third decretal paragraph the figure "$50.00" and by substituting therefor the figure "$35.00". As so modified, judgment unanimously affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. From the papers on the motion for temporary alimony it appears that respondent possessed cash assets of about $38,000, about $14,000 of which had been withdrawn by her from joint savings bank accounts of the parties several weeks before the commencement of the action, that appellant's remaining assets were meager, and that no clear showing was made that appellant's earnings were more than modest. Under the circumstances, we are of opinion that respondent did not satisfy the burden of showing that she was dependent upon appellant for support during the pendency of the action, and therefore the motion should have been denied (see *Collins* v. *Collins,* 80 N. Y. 1; *Wightman* v. *Wightman,* 7 A. D. 2d 859; *Wyzenbeek* v. *Wyzenbeek,* 286 App. Div. 863). As to permanent alimony, we have taken into consideration respondent's income and assets (see *Phillips* v. *Phillips,* 2 N Y 2d 742), together with all the other evidence, and are of opinion that the award was excessive insofar as it was for more than $35 a week. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.

■ ROBERT VACCARINO, Respondent, v. BENJAMIN BUNTZIS, Defendant, and BAY SERVICE STATION, INC., Appellant.— In an action to recover damages for personal injuries, the appeal is from so much of a judgment entered on a jury's verdict as is in favor of respondent against appellant. Judgment insofar as appealed from reversed, action severed, and a new trial granted on the issues raised by the complaint and appellant's answer thereto, with costs to abide the event, unless respondent, within 10 days after the entry of the order hereon, stipulate to reduce the amount of the verdict in his favor from $50,000 to $30,000, in which event, the judgment insofar as appealed from, as so reduced, is affirmed, without costs. In our opinion, the verdict in favor of respondent against appellant is excessive. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.

■ ETHAN ARONOFF, an Infant, by His Guardian ad Litem, JACK ARONOFF, et al., Appellants, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from an amended judgment, entered after trial before a Special Referee, dismissing the complaint. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ JACK BUSCARELLO, Appellant, v. A. GUGLIELMELLI, as President of Local No. 1, Bricklayers, Masons and Plasterers' International Union of America, Respondent.— In an action by a member of a local union for a judgment declaring void the refusal by its president to accept appellant's nomination for the office of business agent of said local union, the appeal is from an order (described in the notice of appeal as a judgment) granting respondent's motion for summary judgment dismissing the complaint. Order unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.